We'll hear argument first this morning in Case 11-8976, Smith v. United States. Mr. Kramer. Mr. Chief Justice, and may it please the Court, from the first Congress in 1790, Congress has made the decision that all Federal statutes, which are, of course, creatures created by Congress in statutes, should be subject to a statute of limitations, in this particular case, 5 years. When it comes to conspiracy cases, as this Court said in Hyde, the statute of limitations is treated a little differently because conspiracy statutes are conspiracy crimes or continuing offenses. So the Court said the way we determine, one way to determine whether a particular defendant's involvement in a conspiracy has ended, in other words, his membership has ended, is by the doctrine of withdrawal. It's the statute of limitations that is the defense in the case. It's the doctrine of withdrawal that triggers, that is the triggering event for the statute of limitations, which sets the date for when the statute of limitations starts to run. Withdrawal, in and of itself, is not a defense. It's the statute of limitations that's the defense. Scalia's is that an element of the crime? No. This Court has called it a defense in the Cook case, in the Oppenheimer case. It has to be raised by the defendant, right? It does have to be raised initially, yes, I'm sorry. Which means it's not an element. It doesn't have to be charged in the indictment. Now, how can something that goes to the existence or nonexistence of an affirmative defense be an element? Well, I don't – it is not an element, I agree with that, but it is – I would say that it's engrafted onto every Federal criminal statute by statute. This is not the common law, but by Congress's decision. I would also say that even though it's not an element of the offense, in Winship this Court referred to the fact that the government must prove every fact necessary to prove a crime beyond a reasonable doubt. It's a fact necessary. But you could prove the crime without a reasonable – beyond a reasonable doubt if you never raised the statute of limitations, and statutes of limitations exist for civil claims as well as criminal claims. And on the civil side, the statute of limitations is an affirmative defense, and it's up to the plaintiff to plead and prove – both plead and prove it, both the burden of production and persuasion. Why should it be different on the criminal side? I think several reasons. First of all, obviously, the burden of proof is different in criminal cases. As the Court said in Mulaney v. Wilbur, it has been suggested that because of the difficulties in negating an argument that a homicide was committed in the heat of passion, the burden of proof should rest on the defendant. And they said the same may be said of the requirement of proof beyond a reasonable doubt of many controversial facts, but this is the traditional burden which our criminal justice system applies. I also think that the Court has distinguished on some grounds, and is the civil statute of limitations from the criminal statute. In fact, in the number of cases this Court has talked about the criminal statute of limitations, it has never referred to it as an affirmative defense. It has said it's a defense, but it has never said that the defendant is required to prove it. In fact, the Cook case says it's part of the merits of the case, although it doesn't have to be pleaded in the indictment, and that it has to be the government has to present evidence of it and proof of it. Ginsburg. I think you recognize that the defendant has the burden of production, not the government burden of coming forward with this defense and producing some evidence of the withdrawal. Yes, Justice Ginsburg. We do accept that there is a burden of production, as with several other things that are not affirmative defenses, like entrapment or alibi also have a burden of production before the government has to prove the elements of the crime beyond a reasonable doubt. So it's not the same. I'm sorry. Finish your answer. It's not dissimilar to those in that respect, and it does go to negate an element of the crime. In the conspiracy statute, the membership in the conspiracy is an element of the crime. Withdrawal negates that element of the crime. Not only for the later period. It doesn't negate that this person was once a member of the conspiracy. The government has the burden to show membership, and it did. So it's not – it doesn't reach back to negate that there was membership at some time. It just says after withdrawal, we no longer prosecute. That's true. What it does is extinguish liability for that offense past that time if the statute of limitations has – if withdrawal occurs before the statute of limitations, someone can no longer, as the statute says, be prosecuted, tried or punished. Isn't that like an amnesty? Isn't that how you described it in your brief? There are some cases that call it an amnesty. Some cases call it an extinguishment of liability. What's the difference between the two, in your mind, that makes it an element of the crime or a negation of some element of the crime? In a conspiracy, there's the conspiracy that the government has to prove, obviously, the conspiracy itself, which is an agreement between – it can be anyone. And then they have to prove the defendant's membership in that conspiracy. So you're a member. You're liable for all the foreseeable acts of your co-conspirators, whether or not you knew they were going to happen, so long as they were foreseeable. Yes. Under Pinkerton, yes. And you can be liable for as long as you stay until you prove you withdrew. Until you withdrew. And that extinguishes your liability for the continuing conspiracy. I would say until you produce evidence that you withdrew, yes. And then the government has to prove that you were still a member of the conspiracy within the statutory limitation period. Why? This Court has never said in Hyde if the – The why is, once you've joined, you're trying to extinguish liability. Why would the government have to prove that you're entitled to amnesty or not entitled to amnesty? I think, Justice Sotomayor, there's really no different than if the government has to prove you're guilty of a crime in the first place. They have to prove that you committed the offense. The statute of limitations, which is, as I said, engrafted on every Federal criminal statute, almost every statute. Well, your argument basically reduces to the fact that when it comes to the statute of limitations, you treat the conspirators as individuals rather than as members of the conspiracy. Yes. Yes. Well, that's not true with respect to other aspects of the conspiracy. If members of the conspiracy commit a murder that was anticipated and all that, the person who has nothing to do with that other than being part of the conspiracy is liable, criminally liable for that as well. Well, why is there a special rule for statutes of limitations? Why is he treated as an individual rather than a member of the conspiracy in that respect? Well, he would be treated for the withdrawal purpose. If he withdrew, he would also not be liable under Pinkerton. And there is a membership element component of Pinkerton as well, for Pinkerton liability. No, my point is that once you prove the conspiracy, a member who doesn't actually participate in the activities of the conspiracy is still responsible for them. So it makes sense to say you can prove the statute of limitations with respect to the conspiracy, not with respect to each individual. Well, I think actually it's just the opposite. Under Grunwald, if the defense of the claim of termination is raised, the government has to prove that the conspiracy continued into the limitations period and that there was an overt act. That was an overt act. But what the Chief Justice indicates, it seems to me, is that if we accept your view, then there's going to be a different statute of limitations for each member of the conspiracy. And so you have four or five different statute of limitations. I find that puzzling. Well, actually, in this case, there was different statute of limitations. I believe there were three different statute of limitations that the district court instructed the jury about, because there were superseding indictments and people were indicted at different times. So there were already, in this case, different statute of limitations. But if one of the reasons for withdrawal is to encourage people to get out of the agreement, then people may have, may come in and leave at different times during a conspiracy. Breyer, is there any – I'm trying to find an analogous instance without the statute of limitations. So what occurred to me, just as an example, but you might have, in your practice, found a different one, the Thomas Crown Affair. He robs the bank or the art museum, but he has an intent to return it. And he produces evidence that he had an intent to return. Now, in such a case, once he produces the evidence, does the government have to prove beyond a reasonable doubt that he didn't have an intent to return? Or does he – is there any instance in which the burden of persuasion shifts? Do you see what I'm driving at? I do, and I think that there – an argument could be made if the intent, if one of the elements of that offense is to deprive the owner permanently of the property and he did not have that intent, the government would have to prove what it would have to prove originally, which is that he intended to deprive the operative of the property. Breyer, you have never found a case, I'll ask the government this, in the substantive criminal law, no matter what, who is, even if the defendant is the only one ever likely to know anything about it, you've never found a case where once the burden is produced, the burden of persuasion remains on the defendant? That the burden of persuasion remains on the defendant? Breyer, because you agree the defendant has the burden of production here. Yes. And so I was trying to think of some instance, and as I said, I'd be repeating myself, I'm looking for any instance in which, leaving the statute of limitations out of it, the burden of persuasion shifts to the defendant. So I'm saying, did you ever find one, Thomas Crowne Affair or some other instance, and your answer is no, you never have heard of it. Well, I guess it's a self-defense or a duress, as the Court said in Dixon, I don't think it's dealing with duress, because it did not negate the elements of the offense. It was an affirmative defense that excused the defendant. Well, this does not negate the elements of the defense. This does not negate the elements of the crime. If it doesn't negate the elements of the crime, I would say then this Court has classified it as an affirmative. Well, then if that's so, if it's an affirmative defense, and if sometimes where it doesn't negate the elements of the crime, the burden of persuasion remains on the defendant, then why shouldn't it here, because he's the one most likely to know? Well, I don't think, first of all, that the government has shown – well, first of all, they have to prove nothing more than what they would have to prove originally, that the defendant was joined knowingly and willfully joined the conspiracy. But you would have the government prove that twice. They prove his membership in the conspiracy, and then you say once he alleges that he withdrew, they have to prove it again. No, they would not have to prove that twice. They could just rest on what they had done originally. The burden of production on the withdrawal, the government could just say to the jury that that's nonsense, there's no reasonable doubt here, we've proved that he was a member, there's a permissive inference that he's still a member within the limitations period. They would not have to prove it twice. They could rest on what they had done originally. It's very simple for them, however, to rebut this evidence. Ginsburg. But what would you have to produce to get over your threshold of satisfying the burden of production? It's actually, I think, a quite high burden of production. You would – the defendant, in most cases, I would think the defendant himself would have to testify, which, of course, subjects him to extensive cross-examination on everything. He can, of course, cannot call his co-conspirators as witnesses. He might be able to present third-party evidence, which again would be subject to cross-examination. But he has to show that he took some – produce evidence that he took some affirmative act to disavow or believe. That's why it's very difficult to put the burden on the government, because the people he says, well, I told so-and-so I'm out of this business, I'm not going to do it anymore. And so the government, if they had the burden of proof, would say, well, I don't think that's true. I want to call the person you talked to. And the person says, well, I'm not going to testify because I'm going to take my rights under the Fifth Amendment. But there's no way the government – in many cases, there would be no way the government can carry this burden of proof. No, I disagree with that. I think in every case it would be actually fairly simple for them. If the defendant can't call that person to support his defense, the government can just say, well, you didn't hear any testimony from that person supporting the defense. That's enough right there to meet our burden. The government, as in this case, had extensive cooperating witnesses, had wiretaps, had documentary evidence. Breyer. They often do. I just want to get it complete insofar as you can help with this. Let's take duress or self-defense. The government shows all the elements of murder. Then the defendant comes in and says, I have evidence here that it was under duress or evidence that it was self-defense. Then to prevail, what's the standard of persuasion? How does it work? Then the – is it that the defendant must show more likely than not, or is it the defendant that I was defending myself, or is it that the government – how does it work? What's the rule? The defendant, as I understand it, the defendant has to – and, of course, it could vary by State. State may put different burdens in the Federal system. The defendant has the burden by a preponderance to prove the duress defense or the self-defense defense. Well, that's their – then their point is, well, this is awfully similar. It's not, though, in the sense that the only thing that connects an individual defendant to a conspiracy is that defendant's membership, knowing and willful participation in the conspiracy. Breyer. I'm saying the fact that it's statute of limitations makes your case weaker, not stronger, because the statute of limitations is less directly connected to the elements of the offense than is self-defense or duress. I actually think it makes it stronger in the sense that Congress has made this choice to require that every crime be proved to have been committed within the statute of limitations. Scalia. Well, you say that you have to prove that the defendant was knowing and willfully a member of the conspiracy, right? That's what you said. That was the jury instructions in this case. Well, and you agree that that's the rule of law, right? Yes. Doesn't duress eliminate willfully? The Court said in Dixon, it might to my thinking, but the Court said in Dixon that it did not negate any of the elements of the offense, that she had to do the acts knowingly and willfully in Dixon, and that it did not. So why is that different from this? If that's not an element, for Pete's sake, even though the definition of the crime is knowingly and willfully, and yet, nonetheless, that's an affirmative defense, why is that any different here? Because the only way a defendant can prove the way a defendant shows that he withdrew is to produce evidence of withdrawal. That is inconsistent with the fact that he's a necessarily negates the element of membership in the conspiracy. If he withdrew, he cannot at the same time be a member of the conspiracy. Well, I'm having trouble understanding how your argument would work. Let's say the defense calls a witness other than the defendant to testify to a conversation in which the defendant allegedly withdrew from the conspiracy, and by doing that, satisfies its burden of production. Now, you say the government has the burden to prove beyond a reasonable doubt not only that this conversation didn't occur, but also that the defendant never withdrew at any other time during the limitations period. Isn't that where your argument would lead? No. I don't think they have to disprove the conversation. All they have to prove is what they had to prove originally, which is that the defendant was a member of the conspiracy within the limitations period. By any kind of evidence. But how can they prove that he did not withdraw at any other time during the conspiracy? Well, if as in this case, they had a number of. During the statute of limitations. As in this case, they had a number of cooperating witnesses who testified about Mr. Smith's actions. They could ask them, did the conspiracy, did Mr. Smith continue to participate? Was he involved? Did he withdraw? Aren't you transforming the nature of withdrawal? You are seeming to argue that the government has to prove beyond a reasonable doubt active participation in the conspiracy during the statute of limitations period, rather than the affirmative withdrawal from the conspiracy. No, I don't mean to imply active participation if that means an overt act. It can just be the government could simply rest upon the inference from Hyde that the defendant had been a member outside the limitations period and their continued participation is inferred. That's overcome when the defendant produces evidence of withdrawal. So. What evidence of withdrawal did you produce in this case? In this particular case, it was the jury that actually called the issue to the attention of everybody in the first place by sending out a note saying that if we, the conspiracy continued, but we think a defendant left, must we find him not guilty? There was a number of pieces of evidence, primarily that he was incarcerated for over 6 years before the indictment. That doesn't prove that he withdrew. You agree that that would not have necessarily meant withdrawal. No. There are some circuit cases that say that alone may be enough, but there was more in this case. In this particular case, one witness said he recalled he did not recall any contacts between Kevin Gray, who was the ringleader, after the arrest. Another said that Mr. Smith was mad at Mr. Gray for not sending any money. They weren't communicating with him. Another witness, there was testimony from another witness that Mr. Smith refused to comply with an order that Mr. Gray sent to him. So there was not. Which of those are affirmative actions? I mean, the law is that he has to take an affirmative action withdrawing from the conspiracy. I don't think being in jail is an affirmative action. I don't think being mad at the ringleader is an affirmative action. I don't think any of the things you've said amount to an affirmative withdrawal from the conspiracy. Whatever that may be, it's not an issue in this case in the sense that the government is actually the one who requested that the district court give the withdrawal instruction after the jury's note came out. Maybe not, but it may mean that we're wasting our time. I think that whether this qualified as affirmative acts or not is in a sense irrelevant to the question before the Court, because after the jury's note came out, the government itself requested the withdrawal instruction, and the government not only requested the withdrawal instruction, but said we have no objection to placing the burden on us beyond a reasonable doubt if that's what the defense wants. I'm having trouble understanding how this works. You said a while ago that the government doesn't have to do anything. In other words, he puts on, he says, I withdrew and I told this, the head of the conspiracy, that I wanted no more part of it, and the head of the conspiracy says, well, I'm not going to testify. And then the government doesn't have to do anything? The government can just say they can rest on the fact that the proof outside the membership period and rest on the inference from Hyde that his membership period is not true. Well, how is that carrying the burden that you say is on it to prove the absence of withdrawal beyond a reasonable doubt? It seems to me that the government just sits there and doesn't say anything. They'll never be able to carry their burden. I think they can by just saying to the jury, well, I don't think they have a burden to prove the absence of withdrawal. They have the burden to prove membership within the limitations period. Yeah, well, they've already done that. That's within the limitations, his membership within the period. So they can just say to the jury, look, this evidence of withdrawal is nonsense. You've heard the testimony. We've cross-examined them. It makes no difference. No, no, no. My hypothetical is because we're talking about a criminal conspiracy and the idea is did he tell those people he was out, they're probably going to say I'm not going to testify. And so, and you say, well, the government still doesn't have to do anything. It seems to me that you can't say they've carried their burden of proof beyond a reasonable doubt if they have nothing to say about an issue as to which you say they have the burden to prove. I think it's up to the jury whether to believe that evidence or not. And I don't think the government has to prove. No, believe what evidence? The evidence that was produced by the defendant that he actually told somebody. But there can't be any evidence because nobody is willing to testify under it because they invoked their Fifth Amendment rights. Oh, I'm sorry. I thought the defendant had testified to that effect, that he, if there's no evidence, there's nothing for the jury. There is no, if there's, the defendant has not produced any evidence of withdrawal, then there is nothing. Okay. Well, if the defendant does testify and he says I told the ringleader I want out, is an attack on his credibility sufficient to prove the absence of withdrawal beyond a reasonable doubt? Absolutely, and it happens all the time in trials, that the government relies upon the fact of a witness's unreliability and what happened on cross to say that they've proved their case beyond a reasonable doubt. They don't have to prove anything they didn't have to prove originally in this case. In fact, it may be easier because it's within the limitations period. They didn't have to prove within the limitations period. They didn't have to prove that. You acknowledged that this, look, what's at issue here is not a defense of withdrawal. It's the defense of the statute of limitations, right? Yes. You acknowledge that that is an affirmative defense. And you are arguing that what establishes that affirmative defense in this case, namely withdrawal, is an element. How can something that is, that does nothing more than establish an affirmative defense be an element? I can't understand that. Give me any other example in the criminal law where that is. I mean, alibi or entrapment negate elements are not affirmative defenses. If an alibi, the defense is what, and what could happen in any case is I just say I want an example of something which is an affirmative defense and where the proof of that affirmative defense becomes an element. I may have given the wrong impression. I don't classify the statute of limitations as an affirmative defense, nor has this Court ever done it. Why doesn't it have to be contained in the indictment if it's an element? It's not an element, but in Grunwald, this Court said.  I think in Ledbetter, this Court said that although there doesn't have to be a date in the indictment, the government, it's sufficient if the government proves a date before the indictment within the limitations period that this Court specifically referred to in Ledbetter, which is at page 21 of our brief. So I don't — I may have given the wrong impression. This is not an affirmative defense. An affirmative defense does not — That at least is logical. I'm not sure it's right, but it's logical. Well, I'm halfway there. Sotomayor, I actually thought your stronger argument in your brief was in trying to explain why it negated an element. I think what you said in your brief, and you haven't made it here yet as clearly, was that if he wasn't willingly participating during the statute of limitations, then he hadn't committed the actual crime. That is — that is the heart of our argument, that it negates the element of membership within the statutory period, which is what the government has to prove. And I'm sorry if I did not make that clear. But the element that's at issue that the statute of limitations negates is membership within the — membership in the conspiracy, knowing and willful participation. The government doesn't have to prove within the statutory period. It's up to the defendant to raise that defense. And if he doesn't raise it, it's waived. Well, I think it is up to the government to prove it. It may be that if this Court has never said a defendant waives it by not raising it. But I think the government has to prove it in every case. It may be waived. Some circuits have said it's waived. This Court has not said so. I would like to reserve the remainder of my time for rebuttal. Roberts. Thank you, counsel. Ms. Harrington. Thank you, Mr. Chief Justice, and may it please the Court. The Due Process Clause does not require the government to disprove withdrawal outside the limitations period because lack of withdrawal is not an element of the crime of conspiracy. This Court has been clear that the Winship Burden attaches only to things that are elements in the constitutional sense. And when something is an element in the constitutional sense, then at least four consequences follow. As the Court has suggested, first, the government has to allege it in the indictment in every case. Second, the government has to prove it in every case. Third, the jury has to be instructed on it in every case. And fourth, a defendant can't waive the requirement that it be proved in his case by failing to raise it. But none of those things applies to a statute of limitations. Ms. Harrington. This is true, but his point, basic point, and he's responded to the points I've made, is that, of course, if there's a 5-year statute on robbery, it doesn't help the government that he permitted a robbery before. Correct. All right. So he's saying what you charged in the indictment is that he was a member of a conspiracy that existed between 1995 and 2005. Now, that's the crime that concerns us, roughly. And he's saying to prove your case, you have to show as an element that he was a member. Now, you did present some evidence that he was a member, and he wants to present some evidence and has that he wasn't a member. And he wasn't a member if he withdrew. And, therefore, once he presents enough to make that an issue, you have to prove beyond a reasonable doubt that he was a member. So you have to show he didn't withdraw. Now, this has nothing to do with the statute of limitations. By coincidence, it does. But a statute of limitations issue would be that you all agree that he withdrew, but the question is, did it happen in 1993 or 1997? That's a statute of limitations issue. But this isn't. This is a question of whether he was a member of the conspiracy during the time period that you charged in the indictment. That's his point. So what is the response? So I guess I have two responses. The first is that it is a statute of limitations question in the sense that the government proved, and there's no dispute about this, that the conspiracy that was charged did exist within the limitations period. And so the question is just, did this particular member of the conspiracy exist? In other words, you can charge me or anybody in the audience or anybody here with the what? You're not charging them? You're saying there was a conspiracy? Doesn't he have to be shown to be a member of the conspiracy in order for you to get a conviction? He does. And there's no dispute. And that's an element of the crime? It is an element, but when Petitioner talks about the membership or participation element, what he's really talking about is the agreement element. The government has to prove that each defendant who's charged with a conspiracy intentionally agreed to join the conspiracy, and there's no dispute that the government proved that with respect to Petitioner. So there's no more relevance, is there, to the fact that there happened to be a pre-1995 conspiracy, except as a matter of proof, I shouldn't say relevance, that they happened to rob a bank before 1995. I mean, in each instance, there was criminal activity before 1995. Now, you can use that in order to prove that he was a member during 1995 to 2000. That I see. But he, similar, can use the matter of withdrawal to prove he wasn't a member during 1995 to 2000. And therefore, it goes to show whether you or the government have proved an element of the offense, namely that he was a member between 1995 and 2000. But again, the element is agreement, right? So we proved that he agreed to join the conspiracy, and we proved that each defendant agreed to join the conspiracy. We don't have to prove that that agreement happened in the limitations period, as long as we prove that the conspiracy continues to prevail. Kagan So how do we tell that, Ms. Harrington? Because it seems to me that the crux of the difference between you and your friend is that you say the element is membership in the conspiracy at some point. It doesn't matter whether it's in the limitations period. And he says the element is membership in a conspiracy in the limitations period. And if he's right, a set of things follow from that. If you're right, another set of things follow. So how do we determine that the element, you know, that the statute of limitations, that the time in question is not baked into the elements question, that it's just membership sometime as opposed to membership at a particular time? Harrington Well, we know it's not an element for the reasons I explained, because it doesn't have to be charged in the indictment, it doesn't have to be proved in every case. The defendant can waive it. So it's not an element in the constitutional sense for all of those reasons. We can also tell that in the specific conspiracy context, it's not an element because this Court's decision in Hyde from 1912, in that case, the defendant, Mr. Schneider, who had raised the statute of limitations defense, had not done anything to participate in the charged conspiracy within what was then a 3-year statute of limitations period. The jury was charged, he didn't do anything, the court said he didn't do anything. The court said, it's fine, he's still a member of the conspiracy because he has not taken an affirmative act to withdraw from the conspiracy. So that's how we know that some sort of active membership isn't an element of the crime, as long as the government has proved beyond a reasonable doubt that the defendant joined the crime at some point and that the conspiracy, excuse me, at some point and that the conspiracy continued to exist. Scalia, did the government charge in the indictment that the conspiracy existed during this 5-year period, during a particular 5-year period? Yes. Did it have to do that? It did not have to do that, but there's no dispute. And if it did not have to, it would have been up to the defendant to say the statute of limitations runs on my participation, right? And to be clear, I'm not sure it specifically used that phrase, but it charged over at Axe or part of the conspiracy that happened within the 5-year period. But it didn't say the conspiracy only existed within that 5-year period? I'm not sure what – I'm not sure exactly the language that was used in the indictment, but it did. Well, let's assume it did. Would, let's say in a burglary indictment, let's say the burglary occurred 7 years ago and there's a 5-year statute of limitations. If the indictment just accuses the individual of conducting a burglary 7 years ago, is that, is that indictment invalid? This Court has held since the Cook case that the government does not have to charge that satisfaction of the limitations period in the indictment. So it's up to the defendant to say, no, 7 years is too long. So I guess the issue here is whether the government's statement that the conspiracy existed within this 5-year period causes that to be an element of the crime. But I think this Court has been clear that it doesn't cause it to be an element of the crime. I mean, back as far as the Cook case, the Court said that it doesn't have to be – timing is not an element of the essence of these crimes, and so it doesn't have to be charged in the indictment. And again, the – But what if it is? But what if it is? If it is charged in the indictment. Then that doesn't cause it to be an element of the crime. I think, again, there is no dispute in this case that the government proved that the conspiracy did exist within the limitations period. I don't think Petitioner is contesting that. What he's saying is that he wasn't a part of that conspiracy within the limitations period. But what he's saying is that it wasn't proven to be within the limitations period with respect to him. It's true, but once the – it's true that that's his argument. But once the government has proved that he willingly joined the conspiracy, which it did in this case, then the law presumes that every person who has willingly joined a conspiracy remains a member of an ongoing conspiracy unless or until he takes some affirmative act to withdraw from the conspiracy. I mean, I'm looking at it as a puzzle here, because I think you could look at it either way. I mean, if a person commits a burglary and the indictment charges that, and he says, yes, I did, I did, there's no doubt about all the elements being satisfied, but it happened outside the limitation period, that's in statute of limitations, sorry. But where you charge a conspiracy taking place within a period of time, as I would think you usually would, I would think the – those words on the paper almost always have a date in them, then you could look at it as a question of membership. In that conspiracy, the one that's charged, in which case, it's a question of the elements. And then if you're in doubt as to whether or not the time that he withdrew was inside or outside the period, that becomes a limitations question. And I'm sort of – I'm torn here. I actually can see it either way. I mean, I think it can't be an element of the crime, because if the defendant doesn't raise it, the government doesn't have to prove it or disprove it, depending  So the question is, does the defendant have to prove it? No, that isn't true. You have to prove membership. And it happens in this instance that you bring in a prime offender. And you say, well, if I were the plaintiff, I'd be repeating myself, and that he says withdrawal, and withdrawal is designed to negate membership. But withdrawal does not negate membership, because, again, membership is really just the agreement. And, in fact, a withdrawal defense tends to confirm that a particular defendant agreed to join a conspiracy, because there's nothing to withdraw from if he didn't join. Then the withdrawal prior to the time charged negates membership in the conspiracy that you have charged, because there was no membership during that time. It's true, but the government has to prove that the defendant joined the conspiracy and the conspiracy continued to exist. And to bring you back to the Hyde. Sotomayor, in a normal case where it's a robbery or burglary, whatever, you charge the crime happened in X date, and the defendant raises an affirmative defense that it's not within the statute of limitations. Who bears the burden of proving it does in that situation? This Court stated in Grinnell-Weld that the government bears the burden. All right. So if you bear the burden in the normal statute of limitations case, the issue I think in my mind becomes, do you continue to bear that burden in a conspiracy crime, because, and you still have to prove, you're saying that the elements of the statute of limitations there are that there was an agreement to commit a crime, this person joined it at any time during the conspiracy, and the conspiracy continues. You don't have to prove that the defendant was part of that conspiracy or joined that conspiracy during the statute of limitations. That's your point. We don't have to prove that he, that the agreement happened in the limitations period or that any particular defendant did something to sort of re-agree within the limitations period. And that, again, is clear from this Court's decision in Hyde, where in that case the defendant raising the limitations defense had not done anything related to the conspiracy within the limitations period. Sotomayor's argument is, I can't be responsible for a crime I wasn't a part of during the limitations period. That really is the essence of his argument. And if it's your job to prove that he committed a robbery during the limitations period, that it's your job to prove that he committed the conspiracy during, that he was part of the conspiracy during the limitations period. I think that's the simplicity of his argument. That is a simplified version of his argument. I think if you look at the statute of limitations. So simplify your response. Okay. Well, if you look at section, if you look at section 3282, which is the statute of limitations, it says that the crime. That's not a simple response. You're already way too fast. What we have to prove is that the crime was committed within the limitations period. We proved that the crime was committed within the limitations period because the conspiracy existed in the limitations period. By operation of law, anyone who has willingly joined the conspiracy at some point remains a member of the conspiracy unless or until he takes an affirmative step to withdraw. Kennedy, isn't it essential to your argument that the very definition of a conspiracy is a crime that continues over time? Absolutely. The way statute of limitations defense operates within the conspiracy context is it asks the question whether and when a conspiracy was complete. But the affirmative defense of withdrawal is actually an affirmative defense even within that affirmative defense because it asks the question whether a conspiracy was complete as to a particular defendant. And to take advantage of that affirmative defense within an affirmative defense, the defendant has to take some affirmative act, and it makes sense to require him to prove that he took those acts. I wish I had the supervening indictment before us. It's not in the Joint Appendix. It's very long. But it's described in the court of appeals opinion as follows. According to the indictment in the district court and the evidence of the United States, in the 1980s and 1990s, appellants Rodney Moore, Kevin Gray, John Rayner, Calvin Smith, Jimmy Hannan, and Lionel Nunn, along with others, some of whom were also indicted but tried separately, conspired to conduct and did conduct an ongoing drug distribution business in Washington. So apparently, according to that description, it was not charged as a conspiracy during those 5 years. It was just charged as a conspiracy. It was charged as an ongoing conspiracy. It started before the beginning of the limitations. That's right. So it would have been up to the defendant to prove that the statute of limitations barred his conviction.  And that's why it's not in the indictment. Well, I suspect, I agree, that it's awfully tough to turn this on the presence or absence of particular dates in the indictment. But the thing that motivates me, I mean, I can see it. It's like a rabbit duck. You know, is it a rabbit or is it a duck? And the thing that is so rare in the law. Jackalope, maybe. I've never heard of a rabbit duck. Definitely a rabbit. It's so rare that the government doesn't have the burden of proving beyond a reasonable doubt that suggests when in doubt, say it, reasonable doubt. But so what do you want to – I mean, we've thought of duress. We've thought of self-defense. Insanity is another. Insanity. Anything else? Extreme emotional disturbance. Just as a constitutional matter, this Court held in Patterson that the government didn't need to disprove that. Ms. Harrington, would you agree that as this argument is developing, what is really at issue has less to do with the statute of limitations than the nature of conspiracy? And one view is Petitioners, and it's embodied in some of the questions that has been – that have been asked, and it's this, that the crime is continuing to participate as a member of a conspiracy. And the other view is that a conspiracy is a dangerous thing. It's like rounding up a pack of lions or wolves or setting loose some thing that you are liable for, and if you do that thing by joining it, you are liable criminally for everything that happens after that, even if at a certain point you walk away and you do nothing. Now, if he's right that it is active membership, then there may be a problem for you here. But if the other view is correct, that you are liable for setting this thing in motion, whether or not you continue to do anything active in support of it during the limitations period, then you are correct. Now, which is the established view of the crime of conspiracy? The view established by this Court is that the crime of conspiracy continues, and once a person joins the conspiracy, he or she is liable for all the acts of his co-conspirators that were reasonably foreseeable in furtherance of the conspiracy. And that's true even if that person, once he joins the conspiracy, doesn't ever do anything else in furtherance of the conspiracy. Ginsburg. Ginsburg. You recognize, as I think Justice Alito's question doesn't, that there is — there is a withdrawal defense, and the question is how do you allocate the proof burden? So your case accepts that there is a withdrawal defense. Indeed, the judge gave a charge to the jury. So the contest, as I understand it, the difference between the two of you is you say, defendant can say I withdrew. If he does that, he has to prove it. And the defendant is saying I have to produce enough so that a jury could find I withdrew, but you have the ultimate burden of persuasion. That's right. And Petitioner's view is grounded in due process concerns. Our view is that it is not a matter of due process because lack of withdrawal is not an element of the crime of conspiracy. So once you take due process out of the equation, then you have to ask where would Congress have understood the allocation of burdens to be when it enacted these conspiracy statutes in 1970? And as a matter of logic, as a matter of history, as a matter of policy, there's no reason to think Congress would have thought the burden of persuasion to be anywhere other than on the defendant. Kennedy, and I suppose that a conspiracy is defined by relation to its criminal objects, not to its membership. If there's five people that conspire to rob a bank and one of the conspirators has said I'm out of here, I withdraw from the conspiracy, metaphysically you might argue, well, it's a new conspiracy because it's a new group. But there's no support in the law for that, I take it. No, this Court has said the opposite. It has said, you know, people can come and go in a conspiracy and it's the case. It's the criminal objects that define the conspiracy. That's right. And again, there's no dispute in this case that the conspiracy was ongoing. But you've indicted, you haven't indicted a conspiracy, you've indicted an individual. And it's not clear to me why you don't have to show that that was, that individual's conduct was within the statute of limitations, period, at least when he comes forward with, under the burden of production, with evidence suggesting the opposite. Well, again, if we can take the due process part off the table, because we think it's not an element, lack of withdrawal, then you ask sort of, you know, how would Congress have understood the state of the law to be when it enacted these crimes? That's how the Court approached this question as to duress in Dixon. I think as a matter of logic, because the government can prove that someone is liable for a conspiracy by proving that he joined a conspiracy at some point and that the conspiracy existed in the limitations period, it wouldn't make sense to require the government to disprove withdrawal once it's a suspicion. Well, but Mr. Kramer says it's not that big a deal. I mean, you don't have to do, he says you don't have to do anything at all. I think that's kind of a remarkable assertion. If what he's saying is we have to disprove withdrawal once the defendant asserts it beyond a reasonable doubt, it's hard to imagine why the government would ever, once a defendant makes a prima facie case of withdrawal, when the government would ever just say, oh, well, we'll sort of rest on our laurels and rest on the evidence we have proving that he joined the conspiracy outside the limitations period. Scalia. Suppose this thing doesn't come up in the statute of limitations context. Suppose it comes up in the context of whether this defendant is liable for an act committed by the co-conspirators after he withdrew. So it's the same issue of whether he withdrew or not before the murder of somebody. Okay? He said, you know, before that occurred, I was out of the conspiracy. What do our cases say about proving it in that context?  Your cases don't say anything about that. Our view is that the burden would be. I didn't hear. Your cases don't say anything about that question. So our view would be that the burden stays on the defendant to prove that he withdrew from a conspiracy in that context. Pinkerton liability isn't at issue here, so you don't need to wrap that up into this case, but our view would be the same. That has nothing to do with statute of limitations. Justice Kennedy. I was just wondering. I was curious. In 1997, the Petitioner did report the identity of another cooperating witness to Gray. You don't rely on that as showing that he was indeed part of the conspiracy? That's just irrelevant to your case? No. We do rely on that. That's mentioned in our brief at the back end of the brief where we were. Well, I mean, that was kind of a throwaway line. But why isn't that dispositive for you? No. I think it is dispositive, and that was the reason we gave for the Court to deny the There's plenty of evidence in this case that this defendant was, in fact, a member of the conspiracy. There's evidence that the leaders of the conspiracy gave him drugs and money. First of all, there's evidence that the reason he went to prison was to help out the leader of the conspiracy. There's evidence he was paid back because they gave him drugs and money while he was in prison. All of this is questions for the jury under the Petitioner's view, right? Yes, certainly. I mean, under both views, you know, all the evidence goes to whether he had joined the conspiracy and whether he proved withdrawal. Could I make sure I understand one part of your argument, Ms. Harrington? The conclusion that timing, the timing is not an element. Now, take Justice Sotomayor's example of something which is not a conspiracy at all. Let's say somebody commits a robbery and you have to show that the person has committed a robbery. And if the person brings up the question of timing, you also have the burden of persuasion on that. But would the timing be an element in that case or not? Not. And so you are essentially saying that this case should be treated just as every other case. You happen to have the burden of persuasion if somebody says the statute of limitations has been violated. But the question of when conduct occurred is never an element. It's never an element. It is true that the government, if a defendant raises a statute of limitations defense, the government has the burden of proving that the crime was committed within the limitations period. This Court said that in Grunewald. It did not offer any explanation for that, but we have accepted that as our burden. Why is it, then? I mean, why would Grunewald be right that you do have the burden if, in fact, this isn't an element? I think just because it is a burden that is placed on the government by Congress in section 30282. I think a reason one could think that it makes sense is that the government already has to prove all the things that it needs to prove to prove that the crime actually happened. And generally in proving that a crime actually happened, beyond a reasonable doubt, you will also prove when the crime actually happened. And so it doesn't really add very much to what the government's burden already is in proving the crime. But that sort of leads me into sort of the policy reasons for not allocating a burden of persuasion to the government as to the issue of withdrawal. And there are sort of four big reasons why Congress wouldn't have understood the burden to be, for policy reasons, wouldn't have understood the burden to be on a defendant as to the issue of withdrawal. The first is that the defendant will almost always be in a better position to have the information about whether he withdrew, except in cases where he withdraws by making a clean rest with the government, in which case it's hard to imagine he's going to be indicted for the indictment past that period. Except in those cases, he will know what he said in secret to his co-conspirators. Second, the government will often be prevented from bringing up evidence to rebut the assertion of withdrawal because it can't make a defendant testify and it often won't be able to make his co-conspirators testify. Third, a defendant doesn't have to give any advance notice of his intention to rely on a withdrawal defense. And so often he can scuttle the defendant's, the government's ability to procure any other evidence it may be able to procure relevant to the issue of withdrawal. And fourth, Petitioner's rule would encourage spurious assertions of withdrawal because it could have the effect of essentially making the government prove something extra. It already has to prove that he joined the conspiracy willingly, that the conspiracy existed in the limitations period. But under government's, under Petitioner's rule, excuse me, the government would also have to prove that the defendant essentially took some other act to show his membership or somehow re-agreed to the conspiracy. Roberts Well, but that last point seems to me spurious itself, because to prove withdrawal he's got to accept the fact that he was in the conspiracy in the first place. So if he doesn't have a good withdrawal defense, it's unlikely that he would raise it because it would cost him any argument he has against participation in a conspiracy in the first place. But in cases where, such as this, where a defendant goes through a period of inaction with respect to the conspiracy, which this Court said in Hyde is not enough to withdraw, then there would be an incentive to raise this spurious assertion of withdrawal, because it would require the government to sort of, to rebut that by proving that the defendant had done something within that period, which it doesn't have to prove in order to establish liability. Scalia I suppose he could present his defense in the alternative. I didn't belong to the conspiracy, and anyway I withdrew. I mean, he can make both of those points, can't he? Harrington He certainly can. I think there's a deal of risk in that for a defendant. Roberts Well, I mean, that works in a civil case, but, I mean, in a criminal case, it's kind of a big thing to say at the beginning, my first argument is that I withdrew from this horrendous conspiracy that's been going on. And then I wasn't a part of it after that. That's a little different in the criminal context. Harrington It's true, and the theory of defense in this case was, in fact, that there were many separate conspiracies, not that any particular person had withdrawn, and it only came up, as my friend pointed out, because the jury asked a question about it. If I can just sort of wrap up on a broader note, a defendant does not become liable for a criminal conspiracy casually. As the jury was charged in this case, the government has to prove that every defendant was aware of the existence of the conspiracy, that every defendant understood that it had an illegal objective, and that every defendant willingly agreed to participate in the conspiracy with the aim of advancing that illegal objective. Roberts You have to prove that every defendant did? Harrington That every defendant willingly joined the conspiracy, yes, with the understanding that they were advancing some illegal objective, the objective of the conspiracy. Now, that's a high evidentiary. Roberts So you charge 10 people as participating in this conspiracy, and the jury determines that one wasn't, then everybody's off the hook? Harrington No, no, no. No, I'm sorry. For each person, you have to prove that that person satisfied all these things. I'm sorry. That's what I meant, yes, yes. Roberts Which is what your friend is trying to argue for in this case. Harrington Right, but this is a high evidentiary burden that the government has to bear to prove that each defendant took some affirmative action to get into the conspiracy. And once the government proves that a defendant was a member of the conspiracy, then it's on the defendant to prove, to take some affirmative act to get himself out of the conspiracy, and it only makes sense to require him to prove that he took that act instead of requiring the government to prove negative that he didn't take that act in every case. If there are no further questions. Ginsburg Is this the burden allocation, is this a more hypothetical or academic question? I mean, you pointed out that you had ample evidence to show that he remained a member of the conspiracy. So does the allocation of the burden of persuasion to the defendant, of proof of production to the defendant, persuasion to the government, does it really make much difference, does it have much practical consequence? Harrington I mean, it would not have made a difference in this case for the reasons you suggest. We had good evidence that he had active participation within the limitations period. It can make a difference in some other cases. You know, I think as a practical matter, most criminal conspiracies that are charged in the Federal system involve activity that was more recent than some of the activity that was involved in this case, but it certainly can come up. And, you know, if we didn't have the type of evidence that we did about this particular defendant's behavior in prison, then it would have been hard to rebut his assertion of withdrawal caused by his incarceration. So it definitely can come up. Roberts Well, when you say it wouldn't have made a difference in this case, you're basically saying you had some good evidence. But a jury could have always decided against you, right? Harrington Oh, it certainly could have, right? It could have decided against us on the whole thing. But the jury would definitely have ruled in your favor. Harrington Okay. Yes, I didn't mean to be brazen about it. We think we had good evidence that the Petitioner continued in the conspiracy in this case. Roberts Thank you, Ms. Harrington. Mr. Kramer, you have 4 minutes remaining. Kramer Thank you. I would just like to start with one quick point. My friend said that the government would never rest on its laurels, but that's precisely what they did in this case. It was 12 days into jury deliberation when they said go ahead and instruct the jury on withdrawal. So they rested on the evidence that had been presented in the trial. So that's precisely what they did. Kagan But that's because they thought that you had the burden. And it does strike me that if you are right that this is an element, membership in the conspiracy at a particular time, and the government has the burden. This idea that the government could, you know, just sort of say, well, we don't have any evidence, but we think you should presume that we're right, I mean, that's the government couldn't do that if you are right. Kramer The government could just rest on whatever they had presented originally and tell the jury that's plenty to prove the up to meet our burden of proof.  Well, if you make an assertion and they don't really respond to that assertion, you win. Kramer I mean, it happens all the time that defendants say I didn't do it, and the government presents their evidence and say that defense is nonsense, that we've presented overwhelming evidence. In fact, in this case, also, they did they didn't ask for the instruction because they thought it was our burden. They agreed in the end that the jury should be instructed. Alito I think the crux of your argument is that the government is going to have to prove beyond a reasonable doubt active participation in the conspiracy during the statute of limitations period, because it is impossible for the prosecution to prove beyond a reasonable doubt that on no day during a 5-year period did the defendant withdraw from the conspiracy. It simply can't be done. The person was under 24-hour video surveillance for the whole 5-year period. Kramer All they have to prove, Justice Alito, is that the person was a member of the conspiracy within the limitations period. That could be done by the inference that they were a member outside the limitations period and say that there was just insufficient that the the Alito And say what? That there was insufficient evidence to prove the opposite of what they have to prove? Kramer No, that the insufficient evidence doesn't create a reasonable doubt in what they are required to prove, which is membership within the limitations period. Alito I thought you argue that every day, that there's that something hasn't been proved beyond a reasonable doubt, because the prosecution hasn't provided sufficient evidence. Kramer It is, and the prosecution stands up and says we presented plenty of evidence that there's no reasonable doubt here at all, and that happens every day, needless to say, that people are convicted by that argument. Kagan But, Mr. Kramer, if they really have to prove beyond a reasonable doubt that there's membership in the conspiracy during the limitations period, they couldn't just come in and say, well, there's membership in the conspiracy before the limitations period, and, you know, you should assume that it continued. I mean, that's not a beyond a reasonable doubt kind of proof, is it? Kramer They get a permissive inference, and I — there are many cases when I think that would be proof beyond a reasonable doubt for a jury, absent some conflicting evidence presented by the defendant, more than just the proffer. Alito Couldn't you argue they have the burden of proving that the defendant did not withdraw during this 5-year period? They have the burden of proving that. And did you hear any evidence from them that — did you hear evidence disproving that he didn't withdraw during that period? There's no evidence on that. Kramer Of course that — Alito You can make that argument. Kramer Yes. Or to be proved, did you hear any evidence? There was no evidence that Mr. Smith was a member during the limitations period. Breyer Your example would be the Thomas Crowne affair again. All the evidence shows he took $10,000 from the bank. He testifies and says, huh, I was going to give it back. Okay? Prosecution puts on nothing. The jury says, are you kidding? Kramer Right. Breyer Okay. Kramer Yes. I mean, and that happens every day, I think, in cases where the prosecution just stands up and says, you heard that evidence. Nobody would think that's a reasonable doubt that someone was not a member. Thank you very much. Roberts Thank you, counsel. The case is submitted.